UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOISES AGUSTO REYES DELGADO, (A-Number: 241-714-697)<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No.  1:26-cv-02598-KES-FJS (HC)<br><br>ORDER DENYING MOTION FOR COUNSEL, MOTION FOR IMMEDIATE REVIEW, AND MOTION FOR STATUS [ECF Nos. 2, 7, 8]<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS [ECF No. 1]<br><br>[14-DAY OBJECTION DEADLINE] |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He filed the instant petition on April 6, 2026, challenging his re-detention by the Department of Homeland Security ("DHS"). (ECF No. 1.) On April 8, 2026, the court issued an order directing Respondents to show cause as to whether there were any factual or legal issues in this case that distinguish it from the court's prior orders in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025). (ECF No. 4.)

1

On April 13, 2026, Respondents filed an answer to the petition. (ECF No. 9.)  In response to the court's order, Respondents "submit there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the Order." (ECF No. 9 at 1.) As Respondents have neither made any new legal arguments nor identified any factual or legal issues that distinguish the case from the court's prior decisions noted above, the court recommends granting the petition and ordering Petitioner's immediate release.

Respondents also request, in the alternative, that the case be stayed pending a decision from the Ninth Circuit in either *Rodriguez v. Bostock*, Ninth Circuit docket no. 25-6842, or *Benavides Carballo v. Andrews*, Ninth Circuit docket no. 25-6533 (E.D. Cal. 1:25-cv-00978-KES-EPG). (ECF No. 9 at 2.) Whether the Ninth Circuit will resolve the specific question that is presented here is unknown and this court is disinclined to postpone resolution of this case on the grounds that the Ninth Circuit might supply controlling precedent in another case at some point in the future. Accordingly, the undersigned recommends denying Respondents' request to hold the matter in abeyance.

In addition, Petitioner has requested appointment of counsel. (ECF No. 2.) Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require."  *See* Rule 8(c), Rules Governing Section 2254 Cases. Insofar as the court is recommending the petition be granted on the papers, the court does not find that the interests of justice require the appointment of counsel at the present time.

On April 10, 2026, Petitioner filed a motion for immediate review and motion for status. (ECF Nos. 7, 8.) With the issuance of this order, those motions are moot.

ORDER

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for counsel, (ECF No. 2), is DENIED, and Petitioner's motions for immediate review and for status, (ECF Nos. 7, 8), are DENIED as moot.

RECOMMENDATION

For the foregoing reasons, the court hereby RECOMMENDS that the petition for writ of habeas corpus be GRANTED and Respondents be ORDERED TO RELEASE Petitioner on the

2

conditions of supervision in existence prior to his re-detention.

These findings and recommendation are submitted to the United States district court judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of these findings and recommendation, a party may file written objections with the court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The court will not consider exhibits attached to the objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. The district judge may disregard any pages filed in excess of the fifteen (15) page limitation. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated:   **July 7, 2026**    _____

UNITED STATES MAGISTRATE JUDGE

3